UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK



| | |
|---|---|
| UNITED STATES OF AMERICA, | 11-CR-736 |
| – against – | Statement of Reasons Pursuant to 18 U.S.C. § 3553(c)(2) |
| RAMAVTAR GOYAL, | |
| Defendant. | |

JACK B. WEINSTEIN, Senior United States District Judge:

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the sentencing guidelines referred to in section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

1

On November 4, 2011, Ramavtar Goyal pled guilty to a single-count misdemeanor information, which charged that on October 1, 2011, while aboard United Arab Emirates Airlines Flight Number 201, the defendant assaulted "Jane Doe," an individual whose identity is known to the United States Attorney, by engaging in sexual contact with Doe without her permission, in violation of 49 U.S.C. § 46506(1) and 18 U.S.C. § 113(a)(5).

Goyal was sentenced on December 22, 2011. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility of videotape on appeal).

As the offense charged is a Class B misdemeanor, the sentencing guidelines do not apply. U.S. Sentencing Guidelines Manual §1B1.9 (2011). There was thus no criminal history category, offense level, or guidelines sentencing range found. The offense carried a maximum term of imprisonment of not more than six months. 18 U.S.C. § 113(a)(5). The maximum fine was $5,000. 18 U.S.C. § 3571(b)(6).

Goyal was sentenced to time served and two years of supervised release. The maximum fine of $5,000 was imposed, as well as a $10 special assessment.

Respectful consideration was given to the factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). The offense is a serious one, implicating both international traffic and the rights of women. Given the lack of similar incidents in the defendant's past, it is likely that his actions

were influenced by the ill-advised combination of Xanax and alcohol consumed by him during the flight.

Goyal, an Indian citizen, has led an otherwise law-abiding life. He is a successful businessman, owning and operating a profitable hotel in Nepal that employs 150 people. He has supported his family and put all of his children through college. He is a colon cancer survivor and suffers from hypertension, requiring him to take multiple medications and undergo continuous monitoring.

Defendant served three days in jail and has been forced to remain in this country, living with strangers in home confinement, during the pendency of the case. A sentence of time served and the maximum fine reflects the seriousness of the offense and will promote respect for the law and provide just punishment. See 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that any involvement in unwanted sexual contact will result in a criminal record and a significant fine. Specific deterrence is achieved through the impact of this conviction on the defendant's life. It is unlikely that he will engage in further criminal activity in light of the lack of a history of harassment, his remorse for his offense, and his significant personal responsibilities.

_____
Jack B. Weinstein
Senior United States District Judge

Dated: December 22, 2011
       Brooklyn, New York